# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JACKIE R. LINE,

        Plaintiff,

v.   CIV 99-0706 JC/KBM

KENNETH S. APFEL,
Commissioner of Social Security,

        Defendant.

## PROPOSED FINDING AND RECOMMENDED DISPOSITION

This matter is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision *(Doc. 8)*. The Commissioner of Social Security issued a final decision granting Plaintiff ("Line") supplemental security income but denying him disability insurance benefits and a period of disability. Having reviewed the parties' pleadings, arguments, the administrative record and the relevant law, I find that the motion is not well taken, and recommend that it be denied.

**A.  Facts/Procedural Background.**

Line, now 58 years old, previously applied for Title II benefits alleging disability beginning June 21, 1991 due to back pain. *AR 35, 55*. Line's past relevant work was as a drywall taper, which was semi-skilled and involved medium exertion. *AR 26*. That application was denied on August 3, 1995, and he did not appeal. *AR 22, 67*. On a second application filed December 6,

1

1996, the Appeals Council granted Plaintiff Title XVI benefits, but not Title II benefits.[1] *AR 5-11*. An administrative law judge (ALJ) denied Line's application for Title II benefits for any period before February 1, 1997, and the Appeals Council denied his request for review after considering further evidence. *AR 12-13*. Thus, the ALJ's decision stands as the final decision of the Commissioner for purposes of review by this Court under 42 U.S.C. § 405(g).

### B. Standard of Review and Applicable Law

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

To qualify for disability insurance benefits, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months, which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993) (construing 42 U.S.C. §§ 423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 and 416.920. The sequential evaluation process ends if at any step the Commissioner finds that the claimant is or is

---

[1] Title II of the Act provides benefits for insured individuals suffering from a disability rendering them unable to engage in substantial gainful activity. §42 U.S.C. 423(a) and (d)(1)(A) (1982). Title XVI, on the other hand, which was enacted in 1972, affords benefits to persons who are aged, blind, or disabled and whose financial resources fall below minimum levels, regardless of whether they have insured status under Title II. §42 U.S.C. 1382(a) (1982).

2

not disabled. *Thompson*, 987 F.2d at 1486.

At the first four levels of the sequential evaluation process, the claimant must show that (1) he is not engaged in substantial gainful employment; (2) he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities; (3) his impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1; or (4) he is unable to perform work he had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show that the claimant can perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id*.

## C. Discussion

The parties agree that the sole issue in this case is whether the record supports the Appeals Council's decision that Line was not disabled before February 1, 1997.[2] Plaintiff concedes that there is very little evidence in the record pertaining to Line's physical condition before February 1, 1997. *Memorandum 3*. Moreover, the existing evidence simply does not rise to the level of substantial evidence that Line was disabled.

First, Line points to documentation in the record of his complaints of intolerable pain and "long-standing lower back discomfort." *Memorandum 3*. This documentation of back pain relates primarily to emergency room visits on September 10, 1995, January 21, 1996, July 14, 1996, and July 15, 1996. *AR 138, 137, 128, 168*. On all of those occasions Line's treating

---

[2] Notably, the Commissioner does not argue that *res judicata* applies to the time between August 4, 1995, the day after the first denial of Line's Title II claim which he did not appeal, and February 1, 1997.

3

doctors did not note any disabling injury or disease, nor did they prescribe any extraordinary treatment or limitations. *Id.*

A March 13, 1997 report shows Plaintiff as having a history of lower back discomfort, which Dr. Nicholas Nillo characterized as "intermittent." *AR 173-76*. Nevertheless, Dr. Nillo, whose observations came after the relevant time, reported no significant limitations of any kind or any diagnoses of disabling injury. Indeed, Line himself did not report any specific activity that he was incapable of performing. *AR 174*.

Plaintiff further relies on an April 6, 1999 affidavit from his treating physician, Dr. Jesus Gonzalez, in which the physician opined that Line was disabled before February 1, 1997. *AR 282-85*. Yet, as the Commissioner accurately notes, Dr. Gonzalez made no record or notes of Line's complaints of back pain or of treatment for it. Instead, Dr. Gonzalez noted only myalgia and fatigue in 1994. *AR 208-09*. It appears that Dr. Gonzales based his April 6, 1999 opinion on just one examination that occurred nearly five years before. *Response 5, AR 12*. The Appeals Council could correctly find that Dr. Gonzalez's opinion, which was a retrospective diagnosis without supporting evidence of disability, was entitled to no weight. *See Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995).

Finally, Line contends that the Appeals Council relied erroneously on a report by Dr. Paul Ventry. *Memorandum 3, AR 202*. In fact, the Appeals Council expressly addressed Dr. Ventry's report <u>only</u> in its decision relating to supplemental security benefits. *AR 7*. As to Line's Title II disability claim, the Appeals Council referred only to the record as a whole as support for its decision to deny review. *AR 14-15*. Insofar as Line would have liked Dr. Ventry to have seen other exhibits in formulating his opinion, only Dr. Gonzalez's notes pertain to the relevant time

4

period. *Id; AR 208-09*. In short, Plaintiff's argument regarding Dr. Ventry's opinion lacks merit.

### D. Conclusion.

For the foregoing reasons, I conclude that the decision of the Appeals Council had the support of substantial evidence and recommend that it be affirmed. Objections to these proposed findings and recommended disposition may be timely made pursuant to 28 U.S.C. § 636(b)(1).

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the United States District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
UNITED STATES MAGISTRATE JUDGE

**Counsel for Plaintiff:**

Mark A. Filosa					Truth or Consequences, NM

**Counsel for Defendant:**

Katauna J. King					Dallas, TX
Joan M. Hart					Albuquerque, NM

5